UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX BRUNO,

                    Petitioner,

v.

BRANDON SMITH, Superintendent, Franklin Correctional Facility,

                    Respondent.

No. 13-CV-8110 (KMK) (PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

On November 1, 2013, Felix Bruno ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his May 26, 1998 judgment of conviction in New York state court and his concurrent terms of imprisonment of 25 years to life for second degree murder and seven and one-half to 15 years for second degree criminal possession of a weapon. (*See* Pet. 1 (Dkt. No. 1).) On April 7, 2014, the case was referred to Magistrate Judge Paul E. Davison ("Judge Davison"), pursuant to 28 U.S.C. § 636(b)(1). (*See* Dkt. (minute entry for Apr. 7, 2014).) On October 25, 2016, Judge Davison issued a Report & Recommendation (the "R&R"), recommending that the Petition be denied. (*See* R&R 17 (Dkt No. 27).) Petitioner filed objections to the R&R on November 10, 2016. (*See* Pet'r's Obj. to Proposed Recommendation ("Pet'r's Obj.") (Dkt. No. 30).)[1] For the reasons set forth below, the Court adopts the R&R.

---

[1] The Court notes that while Petitioner timely signed and dated his objections, they were not filed until shortly after the allotted 17 days had expired.

## I. Discussion

### A. Standard of Review

#### 1. Review of a Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), (D), or (F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(1).

"A district court evaluating a magistrate judge's report may adopt those portions of the report [and recommendation] to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). However, where a party timely objects to a report and recommendation, as Petitioner has done here, the district court reviews the parts of the report and recommendation to which the party objected de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When a [petitioner] simply rehashes the same arguments set forth in [his] original petition, however, such objections do not suffice to invoke de novo review of the [r]eport." *Aponte v. Cunningham*, No. 08-CV-6748, 2011 WL 1432037, at *1 (S.D.N.Y. Apr. 11, 2011) (italics omitted); *see also Hall*

2

*v. Herbert*, Nos. 02-CV-2299, 02-CV-2300, 2004 WL 287115, at *1 (S.D.N.Y. Feb. 11, 2004) ("[T]o the extent that a party simply reiterates his original arguments, the [c]ourt reviews the report and recommendation only for clear error.").

## 2. Procedural Default

A federal court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A state court decision is "independent" when it "fairly appears" to rest primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)). A decision is "adequate" if it is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (some internal quotation marks omitted) (quoting *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991)). "Although this doctrine originated in the context of state-court judgments for which the alternative state and federal grounds were both 'substantive' in nature, the doctrine 'has been applied routinely to state decisions forfeiting federal claims for violation of state procedural rules.'" *Harris*, 489 U.S. at 260–61; *see also Coleman*, 501 U.S. at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

"[I]f it fairly appears that the state court rested its decision primarily on federal law, [a] [c]ourt may reach the federal question on review" unless the state court "clearly and expressly state[d] that its judgment rest[ed] on a state procedural bar." *Harris*, 489 U.S. at 261, 263 (internal quotation marks omitted). This "plain statement" rule applies "only when it fairly

3

appears that a state court judgment rested primarily on federal law or was interwoven with federal law." *Coleman*, 501 U.S. at 739. When analyzing whether a state court decision rested primarily on federal law or was interwoven with federal law, the court should consider "(1) the face of the state-court opinion, (2) whether the state court was aware of a procedural bar, and (3) the practice of state courts in similar circumstances." *Jimenez*, 458 F.3d at 145 n.16 (2d Cir. 2006). In cases where there is no evidence the state court rested its decision on federal law, a federal habeas court may "presume that silence in the face of arguments asserting a procedural bar indicate[s] that [an] affirmance was on state procedural grounds." *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993). "Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

New York permits criminal defendants only one application for direct review. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.20(a)(2); *Jimenez*, 458 F.3d at 149 ("[The petitioner] has already taken his one direct appeal [under New York law] . . . ."). "New York procedural rules bar its state courts from hearing either claims that could have been raised on direct appeal but were not, or claims that were initially raised on appeal but were not presented to the Court of Appeals." *Sparks v. Burge*, No. 06-CV-6965, 2012 WL 4479250, at *4 (S.D.N.Y. Sept. 28, 2012). Accordingly, in those situations, a petitioner no longer has any available state court remedy, and the unexhausted claims are therefore deemed exhausted, but procedurally barred. *See Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we must deem the claim procedurally defaulted." (alteration and internal quotation marks omitted)); *see also Aparicio*, 269 F.3d at 90 (noting the reality that deeming an unpresented claim to be exhausted is "cold comfort"). "An

4

applicant seeking habeas relief may escape dismissal on the merits of a procedurally defaulted claim only by demonstrating 'cause for the default and prejudice' or by showing that he is 'actually innocent' of the crime for which he was convicted." *Carvajal*, 633 F.3d at 104 (quoting *Aparicio*, 269 F.3d at 90); *see also Dretke v. Haley*, 541 U.S. 386, 388 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default," or a showing that the petitioner "is actually innocent of the underlying offense . . . .").

B. Petitioner's Objections

In his R&R, Judge Davison found that "the instant habeas petition became time-barred as of April 25, 1997," (R&R 13), and that Petitioner was neither entitled to equitable tolling nor an equitable exception to the limitations period, (*see id.* at 13–17).

Petitioner raises objections to the R&R, which can be broadly categorized as identifying (1) issues with the testimony offered at trial and (2) a claim pursuant to *Schlup v. Delo*, 513 U.S. 298, 324 (1995), detailing new purportedly reliable evidence that was not presented at trial. (*See generally* Pet'r's Obj.). Yet, none of Petitioner's objections speaks to the time bar that Judge Davison found precluded the relief Petitioner seeks. While new evidence may entitle a petitioner to an equitable exception to a statute of limitations, Judge Davison correctly found that Petitioner had not demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). Put simply, Petitioner's objections reiterate challenges to the testimony presented at (or excluded from) trial, but Petitioner does not actually object to the findings in Judge Davison's R&R.

5

Petitioner cites the testimony of Jacqueline Font, who he claims "was merely repeating . . . a [s]tatement that Alex Rios wrote[] and told her to say[] to the police." (Pet'r's Obj. 2.)[2] Petitioner further claims that "[a]ll the information leading to . . . [P]etitioner was given by Mr. Rios . . . and Mr. Rios's girlfriend which was told to her by Mr. Rios, for the purpose of telling it to the police." (*Id.* at 3.) Petitioner contends that "the jury never heard any testimony" from Carmen Otero, which mentions plans to kill the victim and those involved, but "there is [n]o mention of . . . Petitioner." (*Id.* at 2.) Petitioner claims that in her testimony, Ms. Font repeated Ms. Otero's statement, but changed it to add the Petitioner. (*See id.*) Petitioner also cites an "[i]nvestigation report by Detective Michael Henneberry" which "was never brought to the jury['s] attention" and which Petitioner claims supports the fact that "everyone [Detective Henneberry] interviewed told various lies." (*Id.*)

Petitioner alleges that he was denied his "request to question Detective Feliciano concerning his involvement in this case." (*Id.* at 4.) He additionally contends that "[i]t was never brought to the jury that the police ha[d] another [s]uspect[,] 'Manolo[']," and that there were "numerous 'accompli[ces]' that had knowledge of the crime or had played a part in the crime" and "[n]one of these witnesses was allowed to testify." (*Id.*)

Petitioner fails to explain how the statements of Mr. Rios, Ms. Otero, Detective Henneberry, or "numerous 'accompli[ces]'" are exculpatory. (*Id.*) In fact, Petitioner admits that Mr. Rios "had told and given many version[s] of what happen[ed][] and [w]ho [w]ere his accompli[ces]," (*id.* at 2), casting doubt on the credibility of any purportedly exculpatory statements by Rios. Similarly, the fact that Ms. Otero's statement is based on what "[Alex Rios]

---

[2] Alexander Rios, Petitioner's co-defendant, was acquitted of all charges. (*See* R&R 1 n.1.)

6

had told her," (*id.*), suggests the same issues with the reliability. Detective Henneberry's report purportedly offers evidence that "everyone he interviewed told various lies" and "that Manolo was a suspect," (*id.*), but Petitioner does not explain how this absolves him of the crime. Indeed, Detective Henneberry's report *inculpates* Petitioner, stating that "[the victim] was . . . sitting in the front passenger seat and another subject whom Rios could not identify but thought . . . could be . . . [Petitioner], was in the back seat." (Pet'r's Obj. Ex. 3, at 2; *see also id.* ("Earlier in the evening . . . Rios saw . . . [Petitioner] . . . in [the victim's] apartment."); *id.* (noting Petitioner and others "were interviewed" and "told various lies and . . . could have been involved in one way or the other").) Contrary to his contention, Petitioner has not "put forward substantial evidence pointing to a different suspect," (Pet'r's Obj. 3), but rather identifies evidence that at best, convolutes his claims, and at worst, discredits those witnesses he seeks to offer in support of his Petition.

Additionally, Petitioner contends that "[a]ll of the witnesses['] statements were written by Det[ective] Bentivenga and read back to the witnesses who had very little understanding of the [E]nglish[]language." (*Id.* at 4.) In his R&R, Judge Davison found that in response to Petitioner's assertion that English is his second language, Petitioner had "not alleged any mitigation efforts that satisfy the diligence requirement" and did not explain the years-long gaps between his filings. (R&R 15.) However, here, Petitioner raises objections not to his own language barrier, but to that of witnesses that gave statements in his case. (*See* Pet'r's Obj. 4.) Petitioner fails to identify these witnesses, specify their level of proficiency in English, and most importantly, explain how this alleged detail entitles him to equitable tolling. As "the record provides no basis for a credible and compelling claim of actual innocence," (R&R 16), and the Court agrees that the Petition is barred by the statute of limitations, the Petition is dismissed.

II. Conclusion

The Court, having conducted a thorough review, finds no error in the R&R. The Court therefore adopts Judge Davison's R&R. Petitioner's writ of habeas corpus is accordingly dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and close the case.

SO ORDERED.

DATED: August 2, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT